# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| STREAMSCALE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 6:21-cv-00198-ADA |
| ) | |
| CLOUDERA, INC., ) | **JURY TRIAL DEMANDED** |
| ADP, INC., EXPERIAN PLC, ) | |
| WARGAMING (AUSTIN), INC., and ) | |
| INTEL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

## AGREED SCHEDULING ORDER

Pursuant to the Court's Order Governing Proceedings—Patent Case, Plaintiff StreamScale, Inc. and Defendants Cloudera, Inc., ADP, Inc., Experian PLC, Wargaming (Austin), Inc., and Intel Corporation hereby submit this Agreed Scheduling Order.

| Deadline | Item |
|---|---|
| November 9, 2021 | Defendants serve preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendants contend are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| November 23, 2021 | Parties exchange claim terms for construction. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

1

| Deadline | Item |
|---|---|
| December 7, 2021 | Parties exchange proposed claim constructions. |
| December 14, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| December 21, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| January 18, 2022 | Defendants file Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| February 8, 2022 | Plaintiff files Responsive claim construction brief. |
| February 22, 2022 | Defendants file Reply claim construction brief. |
| March 8, 2022 | Plaintiff files a Sur-Reply claim construction brief. |
| March 11, 2022 | Parties submit Joint Claim Construction Statement. *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| March 11, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[3] |
| March 25, 2022 | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| March 28, 2022 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| May 6, 2022 | Deadline to add parties. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[3] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Deadline | Item |
|---|---|
| May 20, 2022 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| July 15, 2022 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| September 23, 2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| October 21, 2022 | Close of Fact Discovery. |
| October 28, 2022 | Opening Expert Reports. |
| December 2, 2022 | Rebuttal Expert Reports. |
| December 20, 2022 | Close of Expert Discovery. |
| January 4, 2023 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| January 20, 2023 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| February 3, 2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| February 17, 2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| February 24, 2023 | Serve objections to rebuttal disclosures and File Motions *in limine*. |

| Deadline | Item |
|---|---|
| March 3, 2023 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| March 10, 2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| March 21, 2023 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| TBD | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| TBD[4] | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

Dated: August 12, 2021                                    Respectfully submitted,

/s/ Michael D. Karson
Jamie H. McDole
   State Bar No. 24082049
Phillip B. Philbin
   State Bar No. 15909020
Michael D. Karson
   State Bar No. 24090198
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
           pphilbin@winstead.com
           mkarson@winstead.com

Max Ciccarelli
   State Bar No. 00787242
CICCARELLI LAW FIRM LLC
750 N. St. Paul St., Suite 200
Dallas, Texas 75201
Tel: 214.444.8869
Email: Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff StreamScale, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 12, 2021, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to the following:

Brock S. Weber
Christopher Kao
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701

*Counsel for Defendants Cloudera, Inc. & Experian plc*

Amanda L. Major
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006

Annaleigh E. Curtis
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Jennifer J. John
Sonal N. Mehta
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306

Joseph Taylor Gooch
Wilmer Cutler Pickering Hale and Dorr LLP
One Front Street, Suite 3500
San Francisco, CA 94111

Christopher S. Ponder
Harper Batts
Sheppard, Mullin, Richter & Hampton LLP
379 Lytton Avenue
Palo Alto, CA 94301

Jennifer Klein Ayers
Sheppard Mullin Richter & Hampton LLP
2200 Ross Avenue, 24th Floor
Dallas, TX 75201

*Counsel for Defendant Wargaming (Austin), Inc.*

Jose Carlos Villarreal
Perkins Coie LLP
500 W. 2nd Street
Suite 1900
Austin, TX 78701

*Counsel for Defendant Automatic Data Processing, Inc.*

Vikram Iyer
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071

Austin Michael Schnell
Brian Christopher Nash
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Ave, Suite 1700
Austin, TX 78701

*Counsel for Defendant Intel Corp.*

                                               */s/ Michael D. Karson*
                                               Michael D. Karson