**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| STREAMSCALE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:21-cv-00198-ADA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CLOUDERA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF STREAMSCALE INC.'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT OF NO INVALIDITY UNDER 35 U.S.C. § 102(g)</u>**

PUBLIC VERSION

## **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     LEGAL STANDARDS ........................................................................................3

III.    SUMMARY OF UNDISPUTED FACTS ............................................................4

     A.      ████████ ................................................................................. 4

     B.      █████ █████ ████████████████
           ██████████████ ......................................................... 6

     C.      ██████████████████████████ ███████ . .......... 7

     D.      █████████ █████████████████ ................. 10

     E.      ████████████████████ ............................... 11

     F.      Cloudera's Expert Witness Does Not Opine that the ██████ is Prior
           Art. .......................................................................................... 12

IV.     ARGUMENT .....................................................................................................13

     A.      ████████████████████████
           █████ ██████████████ . ..................................... 13

     B.      ███████████████████████
           ██████ ███████ █████████ . .............................. 14

          1.      ████████████████████████
                ██ ██████ .................................................... 14

          2.      ████████████████████████
                ██████ . ........................................................ 16

          3.      ████████████████████████
                ██ ██████ █████████ ................................... 17

     C.      ██████████ █████ ███████████████
           █████ . ......................................................................... 18

     D.      ██████████████████████████
           ████████████████ ██████ . ............................... 19

V.      CONCLUSION...................................................................................................24

PUBLIC VERSION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apotex USA, Inc. v. Merck & Co.*,
   254 F.3d 1031 (Fed. Cir. 2001)......................................................................................3, 4

*ATEN Int'l Co. v. Uniclass Tech. Co.*,
   932 F.3d 1364 (Fed. Cir. 2019)...........................................................................................3

*Checkpoint Sys. v. United States ITC*,
   54 F.3d 756 (Fed. Cir. 1995)................................................................................................2

*Dow Chem. Co. v. Astro-Valcour, Inc.*,
   267 F.3d 1334 (Fed. Cir. 2001)...........................................................................................3

*Fleming v. Escort Inc.*,
   774 F.3d 1371 (Fed. Cir. 2014)...........................................................................................3

*Fox Grp., Inc. v. Cree, Inc.*,
   700 F.3d 1300 (Fed. Cir. 2012)...........................................................................................3

*Fujikawa v. Wattanasin*,
   93 F.3d 1559 (Fed. Cir. 1996)......................................................................................1, 3, 4

*Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*,
   973 F.2d 911 (Fed. Cir. 1992)..............................................................................................3

*Marhurkar v. C.R. Bard, Inc.*,
   79 F.3d 1572 (Fed. Cir. 1996)..............................................................................................3

*Mason v. Hepburn*,
   13 App. D.C. 86 (D.C. Cir. 1898).........................................................................................3

*Paulik v. Rizkalla*,
   760 F.2d 1270 (Fed. Cir. 1985) (en banc)............................................................................4

*Peeler v. Miller*,
   535 F.2d 647 (C.C.P.A. 1976)..............................................................................................4

*Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*,
   264 F.3d 1344 (Fed. Cir. 2001)...........................................................................................3

*South Corp. v. U.S.*,
   690 F.2d 1368 (Fed. Cir. 1982) (en banc)............................................................................2

**PUBLIC VERSION**

*In re Suska*,
   589 F.2d 527 (C.C.P.A. 1979) ....................................................................................2

*TQP Dev., LLC v. 1-800-Flowers.com, Inc.*,
   120 F. Supp. 3d 600 (E.D. Tex. 2015) ...........................................................3, 19, 21

*TQP Dev., LLC v. Intuit Inc.*,
   No. 2:12-cv-180-WCB, 2014 U.S. Dist. LEXIS 84054 (E.D. Tex. June 20, 2014)
   (Bryson, J., sitting by designation) ......................................................................4, 15

*TypeRight Keyboard Corp. v. Microsoft Corp.*,
   374 F.3d 1151 (Fed. Cir. 2004).................................................................................3

**PUBLIC VERSION**

## I.    INTRODUCTION

███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████  ████████  ███████████████████████████

████████████        Cloudera bears the burden to prove that ████ did not abandon, suppress, or conceal the ████████ by clear and convincing evidence.  This, it cannot do and summary judgment is therefore appropriate.

There are two types of suppression or concealment:

A.    *active* suppression or concealment, and

B.    *inferential* abandonment, suppression, or concealment attendant an unreasonable delay in publicizing an invention.

*E.g.*, *Fujikawa v. Wattanasin*, 93 F.3d 1559, 1567 (Fed. Cir. 1996).  While Cloudera must show neither type of suppression or concealment, the undisputed facts demonstrate ██████ active suppression and concealment.  Cloudera cannot dispute these facts because, beyond the clear admissions ████████████████████ on the subject, Cloudera has not presented any other testimony on the subject.  ████████████████████████████████

██████████████████████████████████████████

   ██        ██████████████████████████████
          ████████████████████████████

   ██        ██████████████████████████████
          ████  ████  ████  █  ████  ████  ████  ████  ████
          ████████████████████  ████████████████

          ███████████████████████████████████████
          ███████████████████████████████████████
          ███████████████████████████████████████
          ███████████████████████████████████████
          ███████████████████████████████████████
          ████████████████████

**PUBLIC VERSION**



These undisputable facts preclude Cloudera from demonstrating that ▮ did not actively suppress or conceal the ▮▮▮▮▮, as required by 35 U.S.C. § 102(g)(2).

The policy behind Section 102(g) supports this outcome. Section 102(g) "encourages prompt public disclosure of an invention by penalizing the unexcused delay or failure of a first inventor to share the 'benefit of the knowledge of [the] invention' with the public after the invention has been completed." *Checkpoint Sys. v. United States ITC*, 54 F.3d 756, 761 (Fed. Cir. 1995). "The result of applying the suppression and concealment doctrine is that the inventor who did not conceal (but was the De facto last inventor) is treated legally as the first to invent, while the De facto first inventor who suppressed or concealed is treated legally as a later inventor." *In re Suska*, 589 F.2d 527, 529 (C.C.P.A. 1979).[1] As the Court of Appeals for the District of Columbia noted more than 100 years ago:

> The true ground of the doctrine, we apprehend, lies in the policy and spirit of the patent laws and in the nature of the equity that arises in favor of him who gives the public the benefit of the knowledge of his invention, who expends his time, labor, and money in discovering, perfecting, and patenting, in perfect good faith, that which he and all others have been led to believe has never been

---

[1] The Federal Circuit has adopted the decisions of the U.S. Court of Customs and Patent Appeals ("CCPA") as binding. *South Corp. v. U.S.*, 690 F.2d 1368, 1369 (Fed. Cir. 1982) (en banc).

discovered, by reason of the indifference, supineness, or willful act of one who may, in fact, have discovered it long before.

*Mason v. Hepburn*, 13 App. D.C. 86, 96 (D.C. Cir. 1898).

## II.    LEGAL STANDARDS

"Whether a reference is prior art is a question of law based on underlying factual questions." *ATEN Int'l Co. v. Uniclass Tech. Co.*, 932 F.3d 1364, 1367 (Fed. Cir. 2019) (citing *TypeRight Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151, 1157 (Fed. Cir. 2004)). Cloudera, as the party challenging validity of the StreamScale Patents, bears the heavy burden to prove all issues relating to the status of a particular reference as prior art by clear and convincing evidence. *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350 (Fed. Cir. 2001) (citing *Marhurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996)). In particular, because "[s]ection 282 applies with full force to a § 102(g) defense," Cloudera "must prove facts by clear and convincing evidence establishing a prior invention that was not abandoned, suppressed, or concealed." *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed. Cir. 2001) (citing *Kimberly-Clark Corp. v. Procter & Gamble Distrib. Co.*, 973 F.2d 911, 915 (Fed. Cir. 1992)). "Suppression or concealment is a question of law . . . ." *Fujikawa*, 93 F.3d at 1567 (citing *Brokaw v. Vogel*, 429 F.2d 476, 480 (C.C.P.A. 1970)).

There are two types of suppression and concealment under 35 U.S.C. § 102(g):

1.    Active suppression or concealment; and

2.    A legal inference of suppression or concealment based on unreasonable delay.

*E.g.*, *Fleming v. Escort Inc.*, 774 F.3d 1371, 1378 (Fed. Cir. 2014); *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1305–06 (Fed. Cir. 2012); *Dow Chem. Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1342 (Fed. Cir. 2001); *Apotex*, 254 F.3d at 1038; *Fujikawa*, 93 F.3d at 1567; *TQP Dev., LLC v. 1-800-Flowers.com, Inc.*, 120 F. Supp. 3d 600, 608–09 (E.D. Tex. 2015). Cloudera has the burden

to show the absence of both types of suppression or concealment under 35 U.S.C. § 102(g)(2), which requires proof that an alleged prior inventor "had not abandoned, suppressed, or concealed it [the invention]."  This Motion focuses on active, intentional suppression or concealment.

Intentional suppression refers to situations where an inventor designedly withholds his invention from the public for his own profit.  *Fujikawa*, 93 F.3d at 1567 (quoting *Paulik v. Rizkalla*, 760 F.2d 1270, 1273 (Fed. Cir. 1985) (en banc)).  Intentional or active suppression "requires evidence that the inventor intentionally delayed filing in order to prolong the period during which the invention is maintained in secret."  *Id.* (citing *Peeler v. Miller*, 535 F.2d 647, 653–54 (C.C.P.A. 1976)).

While an alleged prior inventor is under no legal obligation to make its invention public by filing a patent application, "§ 102(g) prior art ***must*** be somehow made available to the public in order to defeat another patent."  *Apotex*, 254 F.3d at 1039 (emphasis added).  And, "[w]hen the 'inner workings' are the essence of the invention, it is those 'inner workings' that must not be suppressed or concealed in order for the invention to be prior art under section 102(g)."  *TQP Dev., LLC v. Intuit Inc.*, No. 2:12-cv-180-WCB, 2014 U.S. Dist. LEXIS 84054, at *21 (E.D. Tex. June 20, 2014) (Bryson, J., sitting by designation).

## III.    SUMMARY OF UNDISPUTED FACTS

**A.** ███████████

███████████████████████████████████████████ ██████████████

████████████████████████████ █████████████

██ ██████████████████████ ████████

██ ██████████████████████ ████████

██ ████████████████████████ ██████████

██ ████████████████████████████ █████████

PUBLIC VERSION



**B.** ██████████████████  ████████████████████████
██████████████████████

On December 30, 2011, StreamScale filed the first application for the Patents-in-Suit.
(*E.g.*, Ex. A at STREAMSCALE_00000001 (field [22]).) ██████████████████████████

██████████████████████████████████████████  ████████████

██████████████████████████  ███████████████████████████████

████████████████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████

█████████████████████  ████████████████████████████████████

███████████████████████████████████████████████  ██

███████████████████████  ████████████████████████████

████████████████████████████████████  ██████████████████████

███████████████████████████████████████████████████████████

███████████

████████████████████████████████████████████████████
████████████████████████████████████████████████████

██████████████████████████████████  ████████████████████

████████████  ████████████████████████████████████████████

████████████████████████████  ████████████████████████████

███████████  ████████████████████████  ██████████████████████

██████████████████  ██████████████████

**PUBLIC VERSION**



**PUBLIC VERSION**



PUBLIC VERSION



**PUBLIC VERSION**



**D.**

**PUBLIC VERSION**



E.

**PUBLIC VERSION**



**F.    Cloudera's Expert Witness Does Not Opine that the ▮▮▮▮▮▮ is Prior Art.**

Importantly, though Cloudera bears the burden to prove by clear and convincing evidence that the ▮▮▮▮▮▮ upon which it relies is prior art under § 102(g), including that it was not suppressed or concealed, Cloudera's expert does not offer any opinion in support of the matter.

**PUBLIC VERSION**



## IV.  ARGUMENT

The only evidence in the record establishes that ███ actively suppressed and concealed the ████████████████████████████████████████—the date of StreamScale's constructive reduction to practice and patent application filing, to which all Patents-in-Suit claim priority. ██ ████████████████████████████████████

████████████████████████████████████

████████████████████████ ████████████████

████████ ████████ ████████████████████

███ ████████ ████████ ████████████████

████████████

### A.  ████████████████████████████████
████ ████████████████████████

████████████ ████████ ████████████████

████████████████ ████████████████████

████████████████████████████ ████████

13

**PUBLIC VERSION**



**B.**

As a result, Cloudera cannot prove by clear and convincing evidence that ▆▆▆ did not suppress or conceal the ▆▆▆▆.

1.



Sitting by designation, Federal Circuit Judge Bryson noted that "[w]hen the 'inner workings' are the essence of the invention, it is those 'inner workings' that must not be suppressed or concealed in order for the invention to be prior art under section 102(g)." *TQP*, 2014 U.S. Dist. LEXIS 84054, at *21. ███████████████████████████ ████████████



**PUBLIC VERSION**



This evidence affirmatively proves that ████ actively suppressed and concealed the ██████████████, but more importantly, Cloudera cannot prove otherwise by clear and convincing evidence.

2.



3.

Stated in § 102(g)'s terms, Cloudera has conceded that the ▮▮▮▮▮ remains suppressed and concealed from the public to this day. This is fatal to Cloudera's ability to prove by clear and convincing evidence that ▮▮ did not suppress or conceal the ▮▮▮▮▮▮▮▮▮ prior to StreamScale's priority date.

**PUBLIC VERSION**



████████████  ████████████████████████  ████████████

████████████████████████  ████████████

**D.**  ████████████████████████████████

████████████████████  ████████████

████████████  ████████  ████████████████████

████  By June 2011, however, StreamScale had reduced its inventions to practice and on December 30, 2011, StreamScale filed the first application for the Patents-in-Suit. (*E.g.*, Ex. A at STREAMSCALE_00000001 (field [22]).) ████████████████████████

████████  ██████████████████████████████████

████████████  ████████████████████  ████████  ████████

██████████████████████████████████████████████

*See TQP*, 120 F. Supp. 3d at 612 (upholding a finding of no invalidity under § 102(g) in view of a web of confidentiality agreements, nondisclosure agreements, and trade secret designations when the application for the patent-in-suit was filed in the intervening time).  It was not until

██████████████████████████████████████████████

████████████  ████████████████████████  Thus, the following timeline emerges from the undisputed evidence:

**PUBLIC VERSION**

*Figure 1: Timeline of* █████████



████████████████ And during that time, StreamScale reduced its inventions to practice, at least through filing the first of its applications for the Patents-in-Suit. █████████████

**PUBLIC VERSION**

██████████ ██████ ████████████ ████ ██████ ████

███ ██ ██ ████ ████ █ ████ ██ ██████ ██ ████

███████████████████████████ ██

██████████

████████████████████████████████

██████████████████ ███████████████

█████ █████████████████████████

██████████████████████████████████

██████████████ This "web of confidentiality agreements, nondisclosure agreements, and

trade secret designations" is precisely the type of evidence that demonstrates active suppression

and concealment under § 102(g). *TQP*, 120 F. Supp. 3d at 610–13.

████████████████████████████████

████████████████████████████████

███████████████████ █████████████

█████████████ ██████████████████

█████████████████ ████████████████

███████████████ ████████████████

████████████████████████████████

██████████ ████████████ ███████████

████████████████████████████████

---

[2] Cloudera cannot prove by clear and convincing evidence exactly ***which*** ██████████████
████████████████████████████████████. Thus, Cloudera cannot demonstrate that
the ████████ upon which it relies was provided to any ███████████████████████████
████████████████████████████████

**PUBLIC VERSION**



**PUBLIC VERSION**

███████████████████████████████████████████████████████

█████████████████████████████████████████    ███████████

███████████████  ████████████████  ██████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████  ████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████  ██████████████████████

███  ████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████  ██████████████████████████

        ████████████████████████████████████████████████

████████████████████████████████████    ██████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████  ███████████████████████████  ████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████  ████████████████  That is months after StreamScale's initial patent application filing

such that, even after StreamScale initiated the process of making its inventions publicly known,

████████████████████████████████████████████  Moreover, there is

no evidence of ████████████████████████████████████████████

██████████████████████████████████████████████ . ███████████

███████████████████████████████████████████████████████



## V.    CONCLUSION

Cloudera bears the burden to prove that the prior art it and its expert rely upon is, in fact, *prior* art.  As to the ██████, offered under § 102(g), that means Cloudera must demonstrate by clear and convincing evidence that the ██████ was not abandoned, suppressed, or concealed. Cloudera cannot meet its heavy burden to show the ***absence*** of suppression or concealment, especially in view of the abundance of evidence showing the ***presence*** of ██████ long-standing and unwavering efforts to actively suppress and conceal the public disclosure of the ██████.

Because Cloudera cannot demonstrate that the ██████ is prior art under § 102(g), the Court should grant StreamScale's Motion for Partial Summary Judgment of No Invalidity.

**PUBLIC VERSION**

Dated: July 28, 2023

Respectfully submitted,

*/s/ Jamie H. McDole*
Jamie H. McDole
   State Bar No. 24082049
Phillip B. Philbin
   State Bar No. 15909020
Michael D. Karson
   State Bar No. 24090198
David W. Higer
   State Bar No. 24127850
Matthew K. Joeckel
   State Bar No. 24110052
Grant Tucker
   State Bar No. 24121422
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
           pphilbin@winstead.com
           mkarson@winstead.com
           dhiger@winstead.com
           mjoeckel@winstead.com
           gtucker@winstead.com

Jason G. Sheasby (*pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

Max Ciccarelli
   State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Tel.: 214.444.8869
Email: Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff StreamScale, Inc.*

PUBLIC VERSION

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on July 26, 2023, StreamScale and Cloudera met and conferred in a good-faith attempt to resolve the matter raised herein.   However, the Parties did not reach agreement and Cloudera opposes the present motion.

Dated: July 28, 2023                         */s/ Jamie H. McDole*
                                             Jamie H. McDole

PUBLIC VERSION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 4, 2023, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to the following:

Brock S. Weber
brock.weber@pillsburylaw.com
Christopher Kao
christopher.kao@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera
steven.tepera@pillsburylaw.com
Benjamin L. Bernell
Ben.bernell@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701

Audrey Lo
audrey.lo@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304

Jeffrey E. Faucette
jeff@skaggsfaucette.com
Skaggs Faucette LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111

*Counsel for Defendant Cloudera, Inc.*

/s/ Jamie H. McDole
Jamie H. McDole