**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| STREAMSCALE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:21-cv-00198-ADA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CLOUDERA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF STREAMSCALE INC.'S MOTION FOR SUMMARY JUDGMENT THAT**
**THE ACCUSED PRODUCTS ARE ALL MADE WITHIN THE UNITED STATES**

**PUBLIC VERSION**

Defendant Cloudera, Inc. ("Cloudera") attempts to limit its damages exposure in this case by differentiating between the sales of the Accused Products (called "CDH") it makes to customers with a domestic receiving mailing address versus those with an international receiving mailing address ██████████████████████████████████ If necessary, Plaintiff StreamScale, Inc. ("StreamScale") can and will prove at trial that the substantial activities surrounding all of those so-called ████████████ sales transactions occurred domestically such that they are properly "sales" within the meaning of 35 U.S.C. § 271(a) and should be included within any damages calculation.

But, *every* instance of CDH that Cloudera sells (whether characterized as a domestic or ████████████ sale) must first be "made." And there is no genuine issue of material fact that the Accused Products are all made ***within the United States***. ████████████████████



███████████████████████████████████████ (Ex. A at 71:2–25.) ████████████████████████████████████████

████████████████████████████████████████

███████████████████ (*Id.*) ██████████████████████████████

██████████████████████ (*Id.*) ███████████████████████████

████████████████████████████████████ (*Id.* at 73:18–21.) ████

████████████████████████████████████████████ (Ex. B at 495:22–498:12.) Cloudera testified:

(*Id.* at 498:6–12 (emphases added).)  Consequently, there is no dispute that Cloudera makes all of

the Accused Products "within the United States" (whether characterized by Cloudera as a domestic

or ███████████ sale) in accordance with 35 U.S.C. § 271(a).

This motion, while concise, would significantly streamline the evidence for trial.  More

than 1,000 Cloudera agreements and purchase orders for the Accused Products (currently listed on

StreamScale's exhibit list) prove that all sales of the Accused Products are "sales" within the

United States under 35 U.S.C. § 271(a).  But given Cloudera's admissions ███████████

███████████████████████ it should be unnecessary for StreamScale to prove—

with voluminous documents—that the Accused Products are also all sold within the United States.

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1306 (Fed. Cir. 2015)

("[T]erritoriality is satisfied when and only when ***any one*** of those domestic actions for that unit

(*e.g.*, sale) is proved to be present, ***even if others*** of the listed activities for that unit (*e.g.*, making,

using) take place abroad") (emphases added); *see id.* (italics in original, bold added)

("[Section 271(a)] states a clear definition of what conduct Congress intended to reach—making

***or*** using ***or*** selling in the United States ***or*** importing into the United States, even if one or more of

those activities also occur abroad").

No genuine issue of material fact exists that Cloudera ***makes*** all of the Accused Products

"within the United States" in accordance with 35 U.S.C. § 271(a).  Thus, StreamScale is entitled

to summary judgment as a matter of law, and is entitled to damages associated with any Accused

Products (whether characterized by Cloudera as a domestic or ███████████ sale) that infringe

any valid claim of the Asserted Patents.

**PUBLIC VERSION**

Dated: July 28, 2023

Respectfully submitted,

*/s/ Jamie H. McDole*
Jamie H. McDole
  State Bar No. 24082049
Phillip B. Philbin
  State Bar No. 15909020
Michael D. Karson
  State Bar No. 24090198
David W. Higer
  State Bar No. 24127850
Matthew K. Joeckel
  State Bar No. 24110052
Grant Tucker
  State Bar No. 24121422
WINSTEAD PC
2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
        pphilbin@winstead.com
        mkarson@winstead.com
        dhiger@winstead.com
        mjoeckel@winstead.com
        gtucker@winstead.com

Jason G. Sheasby (*pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

Max Ciccarelli
  State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Tel.: 214.444.8869
Email: Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff StreamScale, Inc.*

PUBLIC VERSION

**CERTIFICATE OF CONFERENCE**

I hereby certify that on July 26, 3023, StreamScale and Cloudera met and conferred in a good-faith attempt to resolve the matter raised herein.  However, the Parties did not reach agreement and Cloudera opposes the present motion.

Dated: July 28, 2023                    */s/ Jamie H. McDole*
                                        Jamie H. McDole

PUBLIC VERSION

### CERTIFICATE OF SERVICE

I hereby certify that, on August 4, 2023, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to the following:

Brock S. Weber
brock.weber@pillsburylaw.com
Christopher Kao
christopher.kao@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera
steven.tepera@pillsburylaw.com
Benjamin L. Bernell
Ben.bernell@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701

Audrey Lo
audrey.lo@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304

Jeffrey E. Faucette
jeff@skaggsfaucette.com
Skaggs Faucette LLP
Four Embarcadero Center
Suite 1400
San Francisco, CA 94111

*Counsel for Defendant Cloudera, Inc.*

/s/ Jamie H. McDole
Jamie H. McDole