**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| STREAMSCALE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDERA, INC.,<br><br>Defendant. | Civil Action No. 6:21-cv-00198<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CLOUDERA, INC.'S MOTION TO EXCLUDE OPINIONS OF STREAMSCALE'S DAMAGES EXPERT ROY WEINSTEIN**

**REDACTED PUBLIC VERSION**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....... 1

II. FACTUAL BACKGROUND ....... 1

III. LEGAL STANDARDS ....... 3

IV. ARGUMENT ....... 3

A. Weinstein's Damages Scenario One Royalty Rate is Based on Legally Insufficient Facts ....... 3

B. Weinstein's Damages Scenario One Royalty Rate is Based on Unreliable Principles or Methods ....... 7

V. CONCLUSION ....... 8

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Axcess Int'l, Inc. v. Savi Techs., Inc.*,
No. 3:10-cv-1033, 2013 WL 6839112 (N.D. Tex. Jan. 25, 2013) ............ 7

*MiiCs & Partners, Inc. v. Funai Elec. Co., Ltd.*,
No. 14-804, 2017 WL 6268072 (D. Del. Dec. 7, 2017) ............ 1, 3, 4, 5, 7, 8

*MLC Intel. Prop., LLC v. Micron Tech., Inc.*,
No. 14-cv-03657, 2019 WL 2716512 (N.D. Cal. June 28, 2019) ............ 3, 4, 5, 6, 7, 8

*Whitserve, LLC v. Comput. Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012) ............ 3, 4, 7, 8

*Wi-LAN Inc. v. LG Elecs., Inc.*,
No. 18-CV-01577, 2019 WL 5681622 (S.D. Cal. Nov. 1, 2019) ............ 8

Cloudera, Inc. ("Cloudera") moves to exclude certain opinions of Roy Weinstein, StreamScale, Inc.'s ("StreamScale") damages expert in this case, and shows as follows:

## I. INTRODUCTION

Roy Weinstein is StreamScale's damages expert. Weinstein calculates damages by offering two different [REDACTED] in support of the royalty StreamScale seeks in this case. This Motion seeks to exclude the first such scenario ("scenario one"). Weinstein bases the entirety of his scenario one calculation on [REDACTED]. For good reason, however, courts consistently find that unaccepted licensing offers lacking other indicia of reliability are an improper starting point for damages calculations. *See, e.g.*, *MiiCs & Partners, Inc. v. Funai Elec. Co., Ltd.*, No. 14-804-RGA, 2017 WL 6268072, at *4 (D. Del. Dec. 7, 2017). In this case, Weinstein admitted during his deposition that [REDACTED], further undermining the reliability of his scenario one calculation. Accordingly, Weinstein's opinion concerning his scenario one calculation should be excluded in its entirety.

## II. FACTUAL BACKGROUND

In the February 27, 2023, Expert Report of Roy Weinstein ("Weinstein Report"), Weinstein sets out [REDACTED] Ex. 1 [Weinstein Report] ¶127. Weinstein's scenario one calculation is premised on Weinstein's observation that [REDACTED]

[redacted] *Id*. ¶¶50, 94.

Weinstein then presents his scenario one reasoning and calculation as follows: [redacted] *Id*.

[redacted].

[redacted]

*Id*. at ¶129.

[redacted]


. *See id.* Ex. 1 [Weinstein Report] ¶137.

## III. LEGAL STANDARDS

Cloudera incorporates by reference the well-known legal standards concerning admissibility of expert opinion testimony forth in Cloudera's contemporaneously filed Motion to Exclude Opinions of StreamScale's Invalidity Expert Thomas Conte.

## IV. ARGUMENT

Weinstein's scenario one damages opinion is based on legally insufficient facts and data and unreliable principles or methods and should thus be excluded in its entirety.

### A. Weinstein's Damages Scenario One Royalty Rate is Based on Legally Insufficient Facts

In almost every circumstance, an unaccepted offer "is an improper starting point" for a damages calculation. *MiiCs*, 2017 WL 6268072, at *4 (citing *Whitserve, LLC v. Comput. Packages, Inc*., 694 F.3d 10, 29-30 (Fed. Cir. 2012)); *Whitserve*, 694 F.3d at 29-30 (reversing damages award and holding that an expert's royalty rate calculation was speculative because it relied on an unaccepted license and was thus "based on fiction"). Unaccepted offers are especially unreliable where they lack other "indicia of reliability and commercial value." *MLC Intel. Prop., LLC v. Micron Tech., Inc*., No. 14-cv-03657-SI, 2019 WL 2716512, at *13-14 (N.D. Cal. June 28, 2019) (collecting cases). Indicia of reliability and commercial value include circumstances where (1) the rejected offer was consistent with the commercial value and profitability of the patent and the extensive remaining life of the patent at the time of

infringement; or (2) the unaccepted offer was made to the defendant after a lengthy contractual relationship between the parties, and good faith negotiations to replace their long-standing agreement with the rejected licensing agreement were unsuccessful. *Id.* The rejected Facebook offer here bears no indicia of reliability or commercial value for at least the following reasons.

First, Weinstein bases his entire understanding [redacted] *See* Ex. 2 [Weinstein Dep.] at 33:13-34:12 [redacted]; *see also* Ex. 3 [Richardson Sept. 20, 2022 Dep.] at 32:18-34:6; 51:5-19; 92:20-95:12. [redacted] *See* Ex. 2 [Weinstein Dep.] at 33:13-18, 34:3-8, 38:11-14 [redacted] Weinstein cannot base his damages calculation upon [redacted] Such an unfounded opinion promotes just the sort of "fiction" the Federal Circuit warned of when cautioning against reliance on unaccepted licensing offers. *See Whitserve*, 694 F.3d at 29-30; *MLC*, 2019 WL 2716512, at *13-15; *MiiCs*, 2017 WL 6268072, at *4.

Second, Weinstein's only source of information [REDACTED] Ex. 3 [Richardson Sept. 20, 2022 Dep.] at 66:19-67:2 [REDACTED]; *see also id.* at 67:19-68:13. [REDACTED] *Id.* at 67:3-17. [REDACTED] *Id.* at 78:15-:18 [REDACTED]

Third, Weinstein displays only [REDACTED] Ex. 2 [Weinstein Dep.] at 37:11-18. [REDACTED] Ex. 3 [Richardson Sept. 20, 2022 Dep.] at 94:12-15. In other words, there is no evidence that the offer was not just an arbitrary, "artificially inflated opening offer that [defendant] rejected" being used for an inflated, and baseless, damages calculated. *MLC*, 2019 WL 2716512, at *14-15.

Further, Weinstein understood that [REDACTED]



[redacted]. Ex. 2 [Weinstein Dep.] at 34:16-20, 35:19-22, 36:18-21. [redacted]. *See id.* [redacted]. *Id.* 37:7-10 [redacted] *Id.* at 36:22-37:1. Weinstein cannot have it both ways—such logical contortions render Weinstein' scenario one calculation inadmissible.

Moreover, despite concluding that [redacted] Ex. 1 [Weinstein Report] ¶137 (emphasis added), [redacted] Ex. 2. [Weinstein Dep.] at 37:21-38:6 [redacted] Nonetheless, Weinstein [redacted] an unfounded logical leap that further undermines his reliance on the rejected Facebook offer.

<u>Finally</u>, for his scenario one damages analysis, Weinstein only considers [redacted] and no other proposed licenses, actual licenses, or licensing negotiations. Ex. 2 [Weinstein Dep.] at 32:12-16, 33:8-12, 40:4-7; Ex. 1 [Weinstein Report] ¶42 [redacted]



[redacted], ¶44 [redacted] Thus, [redacted] is apparently a one-off proposal, the contours and basis of which are entirely unclear, that was summarily [redacted]. In sum, nothing about this rejected offer provides any indicia of reliability or commercial value, and Weinstein's scenario one opinion should be excluded. *See Whitserve*, 694 F.3d at 29-30; *MLC*, 2019 WL 2716512, at *13-15; *MiiCs*, 2017 WL 6268072, at *4.

### B. Weinstein's Damages Scenario One Royalty Rate is Based on Unreliable Principles or Methods

It should come as no surprise that courts, like those cited above, routinely exclude damages calculations based on a rejected offer because such calculations are typically premised on an insufficiently reliable methodology. For example, the Northern District of Texas rejected an expert's reliance on a 10% royalty rate proposed in a draft agreement, noting that that specific royalty provision "was deleted prior to execution of the agreement," and that therefore, the draft agreement did not "represent royalties *received* by [plaintiff] for the patent-in-suit." *Axcess Int'l, Inc. v. Savi Techs., Inc.*, No. 3:10-cv-1033, 2013 WL 6839112, at *6 (N.D. Tex. Jan. 25, 2013) (emphasis in original). Similarly, the Northern District of California recently excluded an expert's opinion where the record evidence showed that the royalty calculation was based on "an artificially inflated opening offer that [defendant] rejected." *MLC*, 2019 WL 2716512, at *14-15.

Remarkably, Weinstein appears to agree that his methodology is unreliable. During his deposition, Weinstein agreed that [redacted] Ex. 2 [Weinstein Dep.] at 38:15-17 [redacted]. Weinstein also

could not think of a single instance in his career that [REDACTED] *Id*. at 39:8-40:3.

But Weinstein should know full well that such a methodology is improper because his proffered expert testimony has been excluded on precisely these grounds before. In *Wi-LAN Inc. v. LG Elecs., Inc.*, Weinstein attempted to rely on a rate sheet used by Wi-LAN where the rates offered "were consistently rejected by Wi-LAN's licensees, and the licensees agreed to a lower rate in every license." No. 18-CV-01577-H-BGS, 2019 WL 5681622, at *7 (S.D. Cal. Nov. 1, 2019). Because there was "no evidence [] that anyone has ever agreed to one of the specific rates offered in Wi-LAN's rate sheet," the court excluded Weinstein's testimony to the extent it relied on Wi-LAN's licensing rate sheet. *Id.* This Court should do the same.

In sum, it is clear from Weinstein's report and deposition testimony that the entire basis for his scenario one opinion is [REDACTED] A damages calculation based upon such a nebulous, one-off, unaccepted licensing offer is neither based on legally sufficient data nor methodologically sound. This Court should thus exclude Weinstein's scenario one opinion as unreliable and speculative. *Whitserve*, 694 F.3d at 29-30; *MLC*, 2019 WL 2716512, at *13-15; *MiiCs*, 2017 WL 6268072, at *4; *Wi-LAN*, 2019 WL 5681622, at *7.

## V. CONCLUSION

Based on the foregoing, Cloudera respectfully requests that the Court grant its Motion to Exclude the Testimony of Roy Weinstein.

Dated: July 28, 2023

Respectfully submitted,

*/s/ Christopher Kao*

Christopher Kao (*admitted*)
christopher.kao@pillsburylaw.com
Brock S. Weber (*admitted*)
brock.weber@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Tel: 415.983.1000 / Fax: 415.983.1200

Steven P. Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
Benjamin L. Bernell (TX Bar No. 24059451)
ben.bernell@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
401 Congress Avenue, Suite 1700
Austin, TX 78701-3797
Tel: 512.580.9600 / Fax: 512.580.9601

Audrey Lo (*pro hac vice*)
audrey.lo@pillsburylaw.com
**Pillsbury Winthrop Shaw Pittman LLP**
2550 Hanover Street
Palo Alto, CA 94304
Tel: 650.233.4500 / Fax: 650.233.4545

*Attorneys for Defendant*
*Cloudera, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via electronic mail on July 28, 2023.

*/s/ Christopher Kao*