# PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |  |
|---|---|---|
| STREAMSCALE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:21-cv-00198-ADA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| CLOUDERA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### JOINT PRETRIAL ORDER

Plaintiff StreamScale, Inc. ("StreamScale" or "Plaintiff") and Defendant Cloudera, Inc. ("Cloudera" or "Defendant") (collectively, "the Parties") submit the following proposed Joint Pretrial Order pursuant to the Court's Fourth Amended Scheduling Order (Dkt. 189), the Court's Amended Standing Order on Pretrial Procedures and Requirements in Civil Cases, Federal Rules of Civil Procedure, and Local Rules of this Court. The Parties have stipulated to various matters identified herein and having identified exhibits, witnesses, factual contentions, and triable issues:

# I.     APPEARANCE OF COUNSEL

## A.     Attorneys for Plaintiff StreamScale, Inc.

| | |
|---|---|
| Jamie H. McDole<br>Phillip B. Philbin<br>Michael D. Karson<br>David W. Higer<br>H. Grant Tucker<br>Matthew K. Joeckel<br>WINSTEAD PC<br>2728 N. Harwood Street, Suite 500<br>Dallas, Texas 75201<br>Tel.: 214.745.5400<br>Fax: 214.745.5390<br>jmcdole@winstead.com<br>pphilbin@winstead.com<br>mkarson@winstead.com<br>dhiger@winstead.com<br>gtucker@winstead.com<br>mjoeckel@winstead.com | Jason G. Sheasby (*pro hac vice*)<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067<br>Tel.: 310.277.1010<br>Fax: 310.203.7199<br>jsheasby@irell.com<br><br>Lisa Glasser (*pro hac vice*)<br>IRELL & MANELLA LLP<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660<br>Tel.: 949.760.0991<br>Fax: 949.760.5200<br>lglasser@irell.com<br><br>Max Ciccarelli<br>CICCARELLI LAW FIRM LLC<br>100 N. 6th Street, Suite 502<br>Waco, Texas 76701<br>Tel.: 214.444.8869<br>Max@CiccarelliLawFirm.com |

B.  **Attorneys for Defendant Cloudera, Inc.**

Christopher Kao (*admitted*)
christopher.kao@pillsburylaw.com
Brock S. Weber (*admitted*)
brock.weber@pillsburylaw.com
Surui Qu (*admitted*)
surui.qu@pillsburylaw.com
John J. Steger (*admitted*)
john.steger@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA  94111
Telephone: 415.983.1000
Facsimile:  415.983.1200

Steven P. Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
Benjamin L. Bernell (TX Bar No. 24059451)
ben.bernell@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue, Suite 1700
Austin, TX  78701-3797
Telephone: 512.580.9600
Facsimile:  512.580.9601

Audrey Lo (*pro hac vice*)
audrey.lo@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA  94304
Telephone: 650.233.4500
Facsimile: 650.233.4545

## II.    STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C.§ 1 *et seq*.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1338(a). Jurisdiction is not disputed.

## III.   JOINT STATEMENT OF THE CASE

This is a patent infringement case arising under the patent laws of the United States.

StreamScale alleges that Cloudera directly infringes claims 1–4 and 34–36 of the U.S. Patent

No. 8,683,296 ("the '8-296 Patent"), claims 1 and 5–6 of U.S. Patent No. 9,160,374 ("the '374 Patent"), claims 1 and 5–7 of U.S. Patent No. 9,385,759 ("the '759 Patent"), claims 12–16 and 19 of U.S. Patent No. 10,291,259 ("the '259 Patent"), and claims 1–8 of U.S. Patent No. 10,666,296 ("the '10-296 Patent") (collectively, the "Asserted Claims"). StreamScale alleges that Cloudera's infringement is willful and seeks money damages, as well as all equitable relief.

Cloudera objects to StreamScale's assertion that it "alleges that Cloudera's infringement is willful" because there is no willfulness claim in this case, nor should there be. *See* ECF No. 226 (Cloudera's Opp. to StreamScale's Mot. for Leave to File Third Am. Compl.).

## IV.   CONTENTIONS OF THE PARTIES

### A.   StreamScale's Contentions

**(1)**    StreamScale contends that Cloudera infringes claims 1–4 and 34–36 of the '8-296 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States CDH software version 6.0 and later.

**(2)**    StreamScale contends that Cloudera infringes claims 1 and 5–6 of the '374 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States CDH software version 6.0 and later.

**(3)**    StreamScale contends that Cloudera infringes claims 1 and 5–7 of the '759 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States CDH software version 6.0 and later.

**(4)**    StreamScale contends that Cloudera infringes claims 12–16 and 19 of the '259 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States CDH software version 6.0 and later.

**(5)**     StreamScale contends that Cloudera infringes claims 1–8 of the '10-296 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering to sell and/or importing into the United States version 6 of Cloudera's CDH and later.

**(6)**     StreamScale contends that Cloudera's infringement of the Asserted Claims is willful.

**(7)**     StreamScale contends that it has been damaged by Cloudera's infringement of the Asserted Claims, and is entitled to no less than a reasonable royalty under 35 U.S.C. § 284.

**(8)**     StreamScale contends that it is entitled to enhanced damages and reasonable costs.

**(9)**     StreamScale contends that this is an exceptional case entitling it to attorneys' fees under 35 U.S.C. § 285.

**(10)**     StreamScale contends that it is the valid assignee and owner of the '8-296 Patent, the '374 Patent, the '759 Patent, the '259 Patent, and the '10-296 Patent (collectively, the "Asserted Patents") and all rights thereto, including the right to claim damages for past infringement.

**(11)**     StreamScale contends that the Asserted Claims are not invalid for any reason, including under Sections 101, 102, 103, and 112 of the Patent Act.

**(12)**     StreamScale contends that the Asserted Claims are not unenforceable for any reason, including based on any legal or equitable theory asserted by Cloudera.

**(13)**     StreamScale contends that its damages for Cloudera's past infringement of the Asserted Claims are not barred or limited by 35 U.S.C. § 287, or any other legal or equitable theory asserted by Cloudera.

**(14)**    StreamScale contends that Cloudera is not entitled to any finding in its favor that this case is exceptional, or to any damages, attorneys' fees, or costs.

**(15)**    StreamScale contends that it is entitled to pre-judgment and post-judgment interest.

**(16)**    StreamScale contends that it is entitled to supplemental and ongoing royalties.

**(17)**    StreamScale seeks all equitable relief from the Court that is just and proper.

Cloudera objects to StreamScale's contention that "Cloudera's infringement of the Asserted Claims is willful" because there is no willfulness claim in this case, nor should there be. *See* ECF No. 226 (Cloudera's Opp. to StreamScale's Mot. for Leave to File Third Am. Compl.). Cloudera further objects to StreamScale's contention that it may assert any claims of infringement under the doctrine of equivalents because neither StreamScale's infringement contentions nor their expert reports analyze infringement under the doctrine of equivalents.

### B.    Cloudera's Contentions

By providing the following contentions, Cloudera does not concede that any of these issues are appropriate for trial. In particular, Cloudera does not waive any of its pending or future filed motions, which if granted, would render some or all of these issues moot.

Cloudera's contentions in this case are detailed in its pleadings, discovery responses, expert reports, and motions. Cloudera incorporates by reference the expert reports of Dr. Ramchandran providing details regarding its contentions relating to non-infringement, Dr. Darrell Long concerning invalidity, and the Christopher Martinez regarding any potential damages.

**(1)**    Cloudera contends that it has not infringed the Asserted Claims. Cloudera does not infringe the Asserted Claims at least because the accused CDH product is not "configured to" or "adapted to" perform erasure coding, despite all the Asserted Claims requiring that a product be "configured to" or "adapted to" perform erasure coding.

**(2)**      Cloudera denies that any alleged infringement was willful. Cloudera contends that it did not have knowledge of the '8-296 Patent, the '374 Patent, the '759 Patent, the '259 Patent, or the '10-296 Patent before StreamScale filed its complaint in this case on March 2, 2021. Cloudera contends that any infringement since learning of the patents is not willful as Cloudera has a good-faith basis for its invalidity and non-infringement defenses. [*Cloudera only intends to include this paragraph to the extent the Court grants StreamScale's pending Motion for Leave to File Third Amended Complaint. Upon denial of that Motion, this paragraph should be deleted.*]

**(3)**      Cloudera contends that StreamScale cannot prove that Cloudera willfully infringed any Asserted Claims, as Cloudera did not and does not willfully infringe. If Cloudera is found to infringe any valid Asserted Claim, Cloudera contends that StreamScale is not entitled to enhanced damages under 35 U.S.C. § 284, that this case is not exceptional, and that StreamScale is not entitled to any fees under 35 U.S.C. § 285. [*Cloudera only intends to the first sentence of this paragraph to the extent the Court grants StreamScale's pending Motion for Leave to File Third Amended Complaint. Upon denial of that Motion, that sentence should be deleted.*]

**(4)**      Cloudera contends that the Asserted Claims are invalid for being anticipated and/or obvious in view of prior art under 35 U.S.C. §§ 102 and/or 103.

**(5)**      Cloudera contends that the Asserted Claims are invalid for being directed to unpatentable subject matter under 35 U.S.C. § 101.

**(6)**      Cloudera contends that StreamScale's conduct bringing and/or maintaining this patent infringement case justifies finding this dispute an exceptional case, and Cloudera is entitled to its costs, expenses, and reasonable attorneys' fees.

**(7)**      Cloudera contends that StreamScale is not entitled to any damages whatsoever.

**(8)**      Cloudera contends that StreamScale is not entitled to equitable relief.

(9)    If any of the Asserted Claims be determined not invalid and infringed, Cloudera contends that StreamScale's damages calculations are inflated, inaccurate, and unsupported by the evidence. Cloudera contends that StreamScale's damages, if any, are limited to a fully-paid-up lump sum reflective of the economic benefit, if any, that Cloudera purportedly received from its alleged infringement of any of the Asserted Claims.

(10)    Cloudera contends that StreamScale is not entitled to any supplemental damages, attorneys' fees, expenses, or costs.

StreamScale objects to the incorporation by reference of Cloudera's expert reports for the reasons detailed in StreamScale's pending motions identified in Section XIV below and the fact that the reports are inadmissible hearsay. StreamScale also objects to the inclusion of any validity challenge to the Asserted Patents based on anticipation. As described in StreamScale's Motion to Strike Opinions of D. Long and StreamScale's Second Motion to Strike Opinions of D. Long, Cloudera has not preserved any such claim. StreamScale objects to any finding of validity with respect to any non-infringed Asserted Claim because Cloudera has plead only the affirmative defense of invalidity and not a counterclaim of invalidity. *See*, *e.g.*, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993). StreamScale objects to Cloudera's request for an exceptional case determination against StreamScale because Cloudera did not plead any such claim. *See*, *e.g.*, *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 182 F.3d 88, 892 (Fed. Cir. 1999); FED. R. CIV. P 8.

## V.    UNCONTESTED FACTS AND PROCEDURAL STIPULATIONS

The Parties will continue to meet and confer to attempt to resolve their objections to deposition designations and exhibits, and to identify additional potential stipulations, including stipulations related to the admissibility of exhibits, and will supplement these stipulations to the extent that additional stipulations are agreed by the Parties.

**(1)    Jury Instructions and Juror Notebooks**.

The Parties request that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

The jurors shall be permitted to take handwritten notes during the presentations of the Parties. Twelve (12) copies of an agreed juror notebook, which will contain a copy of the Asserted Patents, a legal pad, a pen, and a highlighter, will be delivered to the Court before jury selection.

**(2)    Motions**.

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing, at any time before the jury begins deliberations. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of service of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extension of these deadlines subject to the Court's approval.

**(3)    Demonstrative Exhibits**.

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists. Any demonstratives exchanged between the Parties may not be used by the receiving party prior to being used by the disclosing party.

Demonstratives are exhibits specifically created for the purpose of the trial, including power-points, graphics and animation demonstratives but do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony from this case, so long as the enlargement, highlighting, ballooning, etc. does not include any argument, characterization, or description of

the underlying exhibit or testimony apart from the name of the exhibit or witness. Where a demonstrative exhibit refers to information found in a trial exhibit, the party offering the demonstrative exhibit also shall disclose to the other party at the same time the party discloses the demonstrative exhibit the trial exhibits that form the basis of the demonstrative exhibit.

StreamScale's position is that a party should be entitled to use as a demonstrative the text of deposition testimony that has been designated for playing before the jury even though the designation has not yet been played as long as in good faith the party intends to play the designation.

Cloudera's position is that a party should not be entitled to use as a demonstrative the text of deposition testimony until after the deposition testimony has come into evidence.

    i.  Demonstratives for Use During Opening Argument.

The Parties shall exchange copies of all demonstrative exhibits that they plan to use for opening argument by 12:00 p.m. CT the day before opening arguments. Any objections to such demonstrative exhibits shall be provided by 4:00 p.m. CT the day before opening arguments. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at 6:00 p.m. CT the same day the objections are provided.

    ii.  Demonstratives for Use During Direct Examination.

The parties shall exchange copies of all demonstrative exhibits that they plan to use at trial during direct examination (but not for cross-examinations) by 7:00 p.m. CT the day before their anticipated use. Any objections to the demonstrative exhibits shall be provided by 8:30 p.m. CT the same day. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at 9:15 p.m. CT the same day the objections are provided.

iii.     Demonstratives for Use During Closing Argument.

The Parties shall exchange copies of all demonstrative exhibits that they plan to use <u>at</u> <u>closing argument</u> by 7:00 p.m. CT the day before closing arguments. Any objections to the demonstrative exhibits shall be provided by 8:30 p.m. CT the day before closing arguments. The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at 9:15 p.m. CT the same day the objections are provided.

For any use of a demonstrative exhibit provided for above (i.e., for use during opening argument, direct examination, and closing argument), the parties will continue in good faith to meet and confer regarding the proposed demonstratives, and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed demonstrative.

**(4)     Witnesses**.

The Parties will identify witnesses to be called live or by deposition, and the order of call, by 7:00 p.m. CT two calendar days prior to the date that the party intends to call such witness (e.g., by 7:00 p.m. CT on Tuesday for witnesses being called on Thursday). The receiving party shall provide objections to any witness by 8:30 p.m. CT that same day (for clarity, disclosure of and objections to deposition designations are subject to the procedure in the "Deposition Testimony" section below). The Parties shall promptly meet and confer at 9:15 p.m. CT to attempt to resolve objections, with any objections that cannot be resolved to be raised with the Court on the day before the witness is to be called.

The Parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies. For example, if an expert witness is addressing both infringement and validity, only one attorney will be allowed to cross examine that witness.

**(5)**     **Deposition Testimony**.

For each witness that a party intends to call by deposition, the party shall, by 12:30 p.m. CT three calendar days prior to the date the party intends to call such witness, provide the other side with a list of final designations that will be played. The receiving party shall, by 8:00 p.m. CT the same day, identify any additional, previously-designated testimony to be read or played, and any unresolved objections to testimony or exhibits sought to be used with the witness. The designating party shall, by 12:00 p.m. CT the following day, identify any objections to the designations of the receiving party and any counter-counter designations thereto. The Parties shall promptly meet and confer at 9:15 p.m. CT two calendar days prior to the date the party intends to call such witness to attempt to resolve any previously-stated but unresolved objections, with any objections that cannot be resolved to be raised with the Court two days before the deposition testimony is to be presented. The designating party shall provide the final version of the video deposition file that will be played in court to the other party before it is played.

If a party designates deposition testimony, and the other party counter-designates, with the exception of designations for Michael Anderson, the designations and counter-designations will be read or played together in chronological order (i.e., in the order it was taken at the deposition). For Michael Anderson, StreamScale's designated direct examination testimony and any counter-designations thereto shall precede any of Cloudera's designated testimony and any counter-designations thereto. However, within the direct and cross-examination segments the designations and counter-designations will be read or played together in chronological order.

To the extent that the trial is subject to specific time limitations, the length of any party's designations and counter-designations read or played shall count against the time available for that

party's trial presentation. The designating party is responsible for providing a timed report of the deposition designations to opposing counsel prior to the designations being played at trial.

Nothing in the foregoing procedures shall preclude a party from using deposition testimony at trial for purposes of impeachment. However, nothing in this paragraph is intended to expand the scope of proper impeachment of a witness.

**(6)     Exhibits.**

The Parties agree that any exhibit listed on the Joint Exhibit List may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. Cloudera's position is that exhibits on a party's exhibit list to which no objection remains pending at the time of opening statements may also be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. Cloudera's position is that the Parties should meet and confer to the extent objections remain pending to an exhibit to be used during opening statements to resolve any such objections. Unresolved objections may be submitted to the Court.

StreamScale's position is that the Parties should exchange lists of exhibits they intend to use during direct examination by 7:00 p.m. CT the day before their intended use. The receiving party shall provide objections to such exhibits by 8:30 p.m. CT that same day, and the Parties shall meet and confer on any objections promptly at 9:15 p.m. CT. Once an exhibit is used before the jury during a direct examination, it does not have to be disclosed for use with other witnesses on direct examination.

Cloudera's position is that there is no need to exchange lists of exhibits a party intends to use during direct examination prior to the examination.

The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list. Any exhibit, once admitted, may be used equally by each party.

 **(7)** **Miscellaneous.**

The Parties will abide by the restrictions in the Court's Protective Orders regarding the use of source code at trial and any subsequent Court orders.

## VI. CONTESTED ISSUES OF FACT AND LAW

Subject to the immediately following objections, the Parties identify the below list of current contested issues of fact and law. The Parties reserve the right to identify additional factual and legal issues that may arise, including issues raised by the Court's rulings on any pending motion, or rulings made at the pretrial conference in this action. By providing this list, the Parties do not concede that all of these issues are appropriate for trial, nor do the Parties waive any of their pending motions identified in Section XIV below.

StreamScale objects to the inclusion of any validity challenges to the Asserted Patents based on anticipation. As described in StreamScale's Motion to Strike Opinions of D. Long and StreamScale's Second Motion to Strike Opinions of D. Long, Cloudera has not preserved any such claim. StreamScale objects to any finding of validity with respect to any non-infringed Asserted Claim because Cloudera has plead only the affirmative defense of invalidity and not a counterclaim of invalidity. *See*, *e.g.*, *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993). StreamScale objects to Cloudera's request for an exceptional case determination against StreamScale because Cloudera did not plead any such claim. *See*, *e.g.*, *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 182 F.3d 88, 892 (Fed. Cir. 1999); FED. R. CIV. P 8.

Cloudera objects to StreamScale's contention that Cloudera's infringement of the Asserted Claims is willful or that it might be entitled to enhanced damages based on willfulness because

there is no willfulness claim in this case, nor should there be. See ECF No. 226 (Cloudera's Opp. to StreamScale's Mot. for Leave to File Third Am. Compl.). Cloudera further objects to StreamScale's contention that it may assert any claims of infringement under the doctrine of equivalents because neither StreamScale's infringement contentions nor their expert reports analyze infringement under the doctrine of equivalents.

**(1)**     Whether Cloudera has infringed claims 1–4 and 34–36 of the '8-296 Patent.

**(2)**     Whether any infringed claims of the '8-296 Patent are invalid on the basis of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103), and/or failing to recite patent eligible subject matter (35 U.S.C. § 101).

**(3)**     Whether Cloudera has willfully infringed claims 1–4 and 34–36 of the '8-296 Patent.

**(4)**     Whether Cloudera has infringed claims 1 and 5–6 of the '374 Patent.

**(5)**     Whether any infringed claims of the '374 Patent are invalid on the basis of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103), and/or failing to recite patent eligible subject matter (35 U.S.C. § 101).

**(6)**     Whether Cloudera has willfully infringed claims 1 and 5–6 of the '374 Patent.

**(7)**     Whether Cloudera has infringed claims 1 and 5–7 of the '759 Patent.

**(8)**     Whether any infringed claims of the '759 Patent are invalid on the basis of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103), and/or failing to recite patent eligible subject matter (35 U.S.C. § 101).

**(9)**     Whether Cloudera has willfully infringed claims 1 and 5–7 of the '759 Patent.

**(10)**     Whether Cloudera has infringed claims 12–16 and 19 of the '259 Patent.

**(11)**   Whether any infringed claims of the '259 Patent are invalid on the basis of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103), and/or failing to recite patent eligible subject matter (35 U.S.C. § 101).

**(12)**   Whether Cloudera has willfully infringed claims 12–16 and 19 of the '259 Patent.

**(13)**   Whether Cloudera has infringed claims 1–8 of the '10-296 Patent.

**(14)**   Whether any infringed claims of the '10-296 Patent are invalid on the basis of anticipation (35 U.S.C. § 102), obviousness (35 U.S.C. § 103), and/or failing to recite patent eligible subject matter (35 U.S.C. § 101).

**(15)**   Whether Cloudera has willfully infringed claims 1–8 of the '10-296 Patent.

**(16)**   The amount of StreamScale's damages for any infringed and valid Asserted Claims, including for past infringement, prejudgment interest, post-judgment interest, supplemental damages, and costs, and, if so, the amount of such damages.

**(17)**   Whether StreamScale is entitled to a post-trial award of ongoing royalties.

**(18)**   Whether StreamScale is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

**(19)**   Whether StreamScale is entitled to equitable relief.

**(20)**   Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether StreamScale is entitled to attorneys' fees or costs.

**(21)**   Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Cloudera is entitled to attorneys' fees or costs for defending this action or whether Cloudera is otherwise entitled to attorneys' fees or costs.

## VII.   LIST OF WITNESSES

The Parties' witness lists are attached hereto as Exhibits A and B. The Parties' objections thereto are attached hereto as Exhibits C and D. The Parties will continue to meet and confer regarding those lists, objections, and amendments thereto.

## VIII.   LIST OF EXHIBITS

The Parties' exhibits lists are attached hereto as Exhibits E-1 and E-2 and F. The Parties' objections thereto are attached hereto as Exhibits G-1, G-2, G-3, and H. The Parties agree that Cloudera may, at a later date, lodge objections to any new exhibits identified in StreamScale's Second Supplemental Exhibit List, which was served shortly before the filing of this Joint Pretrial Order. The Parties will continue to meet and confer regarding those lists, objections, and amendments thereto.

## IX.   DEPOSITION DESIGNATIONS

The Parties' deposition designations are attached hereto as Exhibits I and J. The Parties' objections and counter-designations thereto are attached hereto as Exhibits K and L. StreamScale's objections to Cloudera's counter-designations and rebuttal designations are attached hereto as Exhibit M. Cloudera's objections to StreamScale's counter-designations and rebuttal designations are attached hereto as Exhibit N. The Parties will continue to meet and confer regarding those designations, objections, and amendments thereto.

Cloudera objects to StreamScale's deposition designations, which are excessive and intended to hide from Cloudera the actual portions of the depositions StreamScale intends to play at trial. StreamScale's deposition designations total more than 33 hours in length (and for each individual witness, are 3 or more times the length of StreamScale's estimates for such witness in its First Amended Witness List), which is far too long for a trial estimated to last 5 days.

## X.     PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Submitted herewith as Exhibits O and P are two copies of proposed jury instructions. Exhibit O is marked "requested" and includes citations of authority for each proposed instruction in the charge. Exhibit P is marked "charge and interrogatories" and all citations have been omitted and a line added for the jury foreperson's initials and date. The Parties' disagreements on particular Instructions are noted, with Plaintiff's version in red and Defendant's version in blue.

The Parties' proposed verdict forms are submitted herewith as Exhibits Q and R.

The Parties will continue to meet and confer and expect to further narrow disputes with respect to the final jury instructions and verdict form.

## XI.    MEMORANDA ON DISPUTED ISSUES OF LAW

The Parties incorporate by reference their pending motions identified below in Section XIV as the current memoranda on disputed issues of law. The Parties reserve the right to identify additional disputed issues of law that may arise, including issues raised by the Court's rulings on any pending motion, or rulings made at the pretrial conference in this action.

## XII.   PROPOSED VOIR DIRE AND JURY QUESTIONNAIRE

Attached as Exhibits S and T are the party's proposed questions for the judge to use in voir dire. Attached as Exhibit U is an agreed jury questionnaire.

## XIII.  MOTIONS *IN LIMINE*

Attached as Exhibits V and W are copies of each party's motions in limine.

## XIV.  LIST OF PENDING MOTIONS

| Dkt. No. | Motion |
|---|---|
| 175 | StreamScale's Motion to Strike Opinions of D. Long |
| 192 | StreamScale's Motion for Leave to File Third Amended Complaint |

| Dkt. No. | Motion |
|----------|--------|
| 197 | StreamScale's Summary Judgment Motion of No Invalidity Under 102(g) |
| 198 | StreamScale's Summary Judgment Motion of No Invalidity Under 101 |
| 199 | StreamScale's Summary Judgment Motion on Made in the United States |
| 200 | StreamScale's *Daubert* Motion to Strike Opinions of C. Martinez |
| 202 | StreamScale's *Daubert* Motion to Strike Opinions of K. Ramchandran |
| 203 | StreamScale's Second Motion to Strike Opinions of D. Long |
| 204 | Cloudera's *Daubert* Motion to Exclude Testimony of N. Jones |
| 205 | Cloudera's *Daubert* Motion to Exclude Opinions of R. Weinstein |
| 206 | Cloudera's *Daubert* Motion to Exclude Opinions of T. Conte |
| 207 | Cloudera's Summary Judgment Motion of Non-Infringement |
| 208 | Cloudera's Summary Judgment Motion of Invalidity |
| 228 | StreamScale's Motions *in Limine* |
| 229 | Cloudera's Motions *in Limine* |

## XV.   ORDER OF PRESENTATION

The order of presentations at trial shall be as described in this subsection.

(1)     Opening Statements: The trial presentations shall begin with opening statements by each party. Plaintiff shall present its opening statement first, followed by Defendant's opening statement. StreamScale requests that each side be granted thirty (30) minutes for opening statement.  Cloudera requests that each side be granted forty-five (45) minutes for opening statement.

(2)     Evidence: After opening statements, the Parties shall present their evidence. Plaintiff shall go first on the issues of infringement, willfulness, and damages. Defendant shall

next present its case on non-infringement, invalidity, and damages.  Plaintiff may then present its rebuttal case.

(3)     Closing Arguments: The Parties shall conclude with closing arguments. Plaintiff shall present its closing argument on all issues. Next, Defendant will present its closing argument on all issues. Each side is granted forty-five (45) minutes for closing argument.

StreamScale requests that it be allowed to reserve up to twenty-five minutes of its time for closing argument for a rebuttal closing after Defendant's closing argument.

Cloudera requests that StreamScale only be allowed to reserve fifteen minutes of its time for closing argument for a rebuttal closing after Defendant's closing argument (i.e, 1/3 of the allotted closing time).

(4)     Notice of Intent to Rest: A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 p.m. CT or before leaving court, whichever is earlier, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

## XVI.   PROBABLE LENGTH OF TRIAL

The trial is scheduled to begin after Jury Selection on October 2, 2023. The parties expect trial will last 5 business days, concluding on October 6, 2023.

This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2023.


_____
HON. ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2023

Respectfully submitted,

/s/Christopher Kao (by permission)
Christopher Kao
christopher.kao@pillsburylaw.com
Brock S. Weber
brock.weber@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera (TX Bar No. 24053510)
steven.tepera@pillsburylaw.com
Benjamin L. Bernell (TX Bar No. 24059451)
ben.bernell@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
401 Congress Avenue
Suite 1700
Austin, TX 78701

Audrey Lo
audrey.lo@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2550 Hanover Street
Palo Alto, CA 94304

Jeffrey E. Faucette
jeff@skaggsfaucette.com
SKAGGS FAUCETTE LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111

*Counsel for Defendant Cloudera, Inc.*

/s/ David W. Higer
Jamie H. McDole
   State Bar No. 24082049
Phillip B. Philbin
   State Bar No. 15909020
Michael D. Karson
   State Bar No. 24090198
David W. Higer
   State Bar No. 24127850
Matthew K. Joeckel
   State Bar No. 24110052
Grant Tucker
   State Bar No. 24121422
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
         pphilbin@winstead.com
         mkarson@winstead.com
         dhiger@winstead.com
         mjoeckel@winstead.com
         gtucker@winstead.com

Jason G. Sheasby (*pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

Lisa Glasser (*pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Tel.: 949.760.0991
Fax: 949.760.5200
Email: lglasser@irell.com

Max Ciccarelli
  State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Tel.: 214.444.8869
Email: Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff StreamScale, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 28, 2023, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to the following:

Brock S. Weber
brock.weber@pillsburylaw.com
Christopher Kao
christopher.kao@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera
steven.tepera@pillsburylaw.com
Benjamin L. Bernell
ben.bernell@pillsburylaw.com
Christopher L. Drymalla
chris.drymalla@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue, Suite 1700
Austin, TX 78701

Audrey Lo
audrey.lo@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304

Darryl J. Adams
dadams@sgbfirm.com
Slayden Grubert Beard PLLC
401 Congress Avenue, Suite 1650
Austin, TX 78701

*Counsel for Defendant Cloudera, Inc.*

*/s/ David W. Higer*
David W. Higer