IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STREAMSCALE, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>CLOUDERA, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Civil No. 6:21-cv-00198-ADA<br>)<br>)<br>)<br>)<br>) |

## FINAL JUDGMENT

A jury trial commenced with jury selection on October 5, 2023, and on October 13, 2023 the jury reached and returned its unanimous verdict finding that Defendant Cloudera, Inc. ("Cloudera") directly infringed Claims 34 and 35 of U.S. Patent No. 8,683,296 ("the '296 Patent"); Claim 1 of U.S. Patent No. 9,385,759 ("the '759 Patent"); and Claim 12 of U.S. Patent No. 10,291,259 ("the '259 Patent") (together, the "Asserted Claims"), finding that none of the Asserted Claims were proven invalid, and awarding damages of $240,000,000. (ECF No. 340.) The Court has resolved all pending issues between the parties.

Therefore, pursuant to Rules 54 and 58 of the Federal Rules of Civil Procedure, the Court **ORDERS AND ENTERS FINAL JUDGMENT** as follows:

    1.    Defendant Cloudera directly infringed Claims 34 and 35 of the '296 Patent;

    2.    Defendant Cloudera directly infringed Claim 1 of the '759 Patent;

    3.    Defendant Cloudera directly infringed Claim 12 of the '259 Patent;

    4.    Claims 34 and 35 of the '296 Patent are not invalid;

    5.    Claim 1 of the '759 Patent is not invalid;

    6.    Claim 12 of the '259 Patent is not invalid;

7. Plaintiff StreamScale, Inc. ("StreamScale") voluntarily withdrew previously asserted patent claims for the purpose of narrowing this case. All such voluntarily withdrawn previously asserted patent claims, including those from U.S. Patent No. 9,160,374, U.S. Patent No. 10,003,358, and U.S. Patent No. 10,666,296 and other patent claims from the '296 Patent, the '759 Patent, and the '259 Patent, are dismissed without prejudice;

8. Judgment is hereby entered in favor of Plaintiff StreamScale in the amount of $240,000,000 to compensate it for Defendant Cloudera's infringement of the Asserted Claims;

9. This judgment starts the time for filing any post-trial motions or appeal;

10. Plaintiff StreamScale may file a motion for pre-judgment and/or post-judgment interest by the deadline to file post-trial motions; and

11. Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, StreamScale is the prevailing party and should recover its costs. StreamScale is directed to file its proposed Bill of Costs.

**SIGNED** this 1st day of November, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE