IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| STREAMSCALE, INC.,   )<br>  )<br>     Plaintiff,   )<br>  )<br>v.   )<br>  )<br>CLOUDERA, INC.,   )<br>  )<br>     Defendant.   ) | Civil No. 6:21-cv-00198-ADA |

**PLAINTIFF'S MOTION FOR AN AWARD OF
PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST**

Plaintiff StreamScale, Inc. ("StreamScale") respectfully requests that the Court award StreamScale prejudgment and post-judgment interest on the jury's damages award of $240,000,000, which is reflected in the Court's Final Judgment. (ECF No. 349.) A damages award should afford the patent owner "complete compensation," *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983), including "a reasonable royalty for the use made of the invention by the infringer, together ***with interest*** and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). As set forth herein, StreamScale asks the Court to award it:

(i)  $21,883,019 in prejudgment interest through November 1, 2023, the date of the Court's Final Judgment; and

(ii) post-judgment interest pursuant to 28 U.S.C. § 1961 in the amount of $38,816 per day from November 2, 2023 until the date of payment.

## I.   FACTUAL BACKGROUND

On March 2, 2021, StreamScale filed suit against Defendant Cloudera, Inc. ("Defendant" or "Cloudera"), alleging infringement of, *inter alia*, Claims 34 and 35 of U.S. Patent No. 8,683,296 ("the '296 Patent"), Claim 1 of U.S. Patent No. 9,385,759 ("the '759 Patent"), and Claim 12 of

1

U.S. Patent No. 10,291,259 ("the '259 Patent") (together, the "Asserted Claims"). (ECF No. 1.[1]) StreamScale requested compensatory damages under 35 U.S.C. § 284, including pre-judgment and post-judgment interest. (*Id.* at 73; *see* ECF No. 67 at 87–88.)

A jury trial commenced with jury selection on October 5, 2023 and, on October 13, 2023, the jury returned a unanimous verdict (i) finding that Cloudera directly infringed the Asserted Claims, (ii) finding that none of the Asserted Claims were invalid, and (iii) awarding damages to StreamScale in the amount of $240,000,000. (ECF No. 340.) It was undisputed at trial that Cloudera sold 644,022 infringing node licenses during the damages period,[2] and that the date of first infringement was in or about August of 2018.[3]

On November 1, 2023, the Court entered Final Judgment that Cloudera directly infringed the Asserted Claims and awarded StreamScale $240,000,000 in damages on the jury's verdict. (ECF No. 349.)

## II.    PREJUDGMENT INTEREST

### A.    Prejudgment Interest is the Rule, Not the Exception.

A prevailing plaintiff in a patent infringement action is entitled to compensation that is "in no event less than a reasonable royalty for the use made of the invention by the infringer, together ***with interest*** and costs as fixed by the court." 35 U.S.C. § 284 (emphasis added). Thus, "complete compensation" for the defendant's infringement includes prejudgment interest awarded from the

---

[1] StreamScale asserted additional claims from these three patents as well as claims from three additional patents. (ECF No. 1.) StreamScale voluntarily withdrew those previously asserted patent claims for the purpose of narrowing this case and, accordingly, they were dismissed without prejudice. (ECF No. 349 ¶ 7.)

[2] Trial Tr. at 347:18–348:9, 383:16–384:8 (Oct. 11, 2023); Trial Tr. at 847:14–848:3 (Oct. 12, 2023).

[3] Trial Tr. at 347:18–349:7 (Oct. 11, 2023); Trial Tr. at 773:23–774:14 (Oct. 12, 2023).

date of infringement to the date of judgment.  *Gen. Motors*, 461 U.S. at 655; *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988) ("Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment.").  As this Court has recognized, "[t]he purpose of prejudgment interest is to place the patentee in as good a position as he would have been had the infringer paid a reasonable royalty rather than infringe."  *VLSI Tech. LLC v. Intel Corp.*, No. 6:21-CV-00057-ADA, 2022 WL 1477728, at *1 (W.D. Tex. May 10, 2022) (Albright, J.) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 769 F.3d 1073, 1094 (Fed. Cir. 2014)).  Accordingly, prejudgment interest on a damages award "is the rule, not the exception." *Id.* (quoting *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1358 (Fed. Cir. 2012)).

**B.     There is No Justification to Deny a Prejudgment Interest Award in this Case.**

"[P]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award . . . ."  *Gen. Motors*, 461 U.S. at 657.  And any such proffered justification "must have some relationship to the award of prejudgment interest . . . ." *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554, 1558 (Fed. Cir. 1986).  No such justification exists in this case because none of the justifications discussed in the case law apply here.

- StreamScale did not engage in any "dilatory action" that delayed trial, nor was Cloudera prejudiced.  *E.g.*, *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1374–75 (Fed. Cir. 2022); *Bio-Rad Labs., Inc. v. Nicolet Instr. Corp.*, 807 F.2d 964, 968 (Fed. Cir. 1986).  And absent prejudice to Cloudera, no delay can justify denial of prejudgment interest.  *Lummus Indus., Inc. v. D.M.&E. Corp.*, 862 F.2d 267, 275 (Fed. Cir. 1988).

- The jury verdict could not have included interest, as no trial testimony or evidence implicated interest from 2018 to the present.  *E.g.*, *Kaufman*, 34 F.4th at 1374.

- Any allegation by Cloudera that StreamScale is a non-practicing entity— unsupported by the record as such an allegation would be[4]—is an insufficient basis to deny prejudgment interest.  *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d

---

[4] *E.g.*, Trial Tr. at 264:24–25 (Oct. 10, 2023).

3

1245, 1263 (Fed. Cir. 2014) ("We decline to create such a statutory exception [that prevailing non-practicing entities are not entitled to prejudgment interest].").

C.  **StreamScale is Entitled to a Prejudgment Interest Award of $21,883,019.**

When awarding prejudgment interest, this Court has held that prejudgment interest is appropriately based on the one-year Treasury Bill constant maturity rate, compounded annually. *E.g.*, *Jiaxing Super Lighting Elec. Appliance Co. v. CH Lighting Tech. Co.*, No. 6:20-cv-00018-ADA, Order of Final Judgment at 2 (W.D. Tex. Mar. 17, 2023), ECF No. 324; *VideoShare, LLC v. Google LLC*, No. 6:19-cv-00663-ADA, Amended Final Judgment at 2 (W.D. Tex. Sept. 16, 2022), ECF No. 253; *EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075-ADA, 2022 WL 2380332, at *1 (W.D. Tex. May 26, 2022). As relevant to this case, the one-year Treasury Bill constant maturity interest rate, as reported by the Federal Reserve, has been:

| Rate  | Date            |
|-------|-----------------|
| 2.47% | August 30, 2018 |
| 1.76% | August 30, 2019 |
| 0.12% | August 30, 2020 |
| 0.08% | August 30, 2021 |
| 3.48% | August 30, 2022 |
| 5.39% | August 30, 2023 |

(*See* Ex. A, Decl. of Roy Weinstein ¶ 5; *see also* Ex. 1 to Decl. of Roy Weinstein.)

As the prevailing party, StreamScale should receive prejudgment interest at the one-year Treasury Bill constant maturity interest rate, compounded and updated annually, from the date of a hypothetical negotiation, August 30, 2018, to the date of judgment, November 1, 2023, on all damages StreamScale is awarded for Cloudera's prejudgment infringement "to ensure that [it] is placed in as good a position as [it] would have been in had the infringer entered into a reasonable royalty agreement." *Gen. Motors*, 461 U.S. at 655; *see VLSI Tech.*, 2022 WL 1477728, at *3. Using these rates, compounded and updated annually, StreamScale and Mr. Weinstein have calculated prejudgment interest on the damages award in the Final Judgment from first

infringement until the Final Judgment to be $21,883,019.  (Ex. 1 to Ex. A, Decl. of Roy Weinstein.)  Thus, StreamScale respectfully requests that the Court award StreamScale prejudgment interest in the amount of $21,883,019.

### III.     POST-JUDGMENT INTEREST

Post-judgment "[i]nterest ***shall*** be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a) (emphasis added).  The interest rate mandated by statute is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*  Post-judgment interest is "computed daily to the date of payment" and "compounded annually." *Id.* § 1961(b).  Post-judgment interest on a money judgment begins to accrue "from the date of the Court's final judgment until the date of payment." *VLSI Tech.*, 2022 WL 1477728, at *4.  Post-judgment interest is properly awarded on the entire amount of money damages awarded, including any prejudgment interest. *See, e.g.*, *Boston Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that "this circuit has required that post-judgment interest at the federal rate be assessed against the pre-judgment interest"); *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991) (awarding post-judgment interest on "the entire amount of the final judgment, including damages, prejudgment interest, and attorney fees").[5]

Here, StreamScale is entitled to post-judgment interest by statute because it is the prevailing party and was awarded a money judgment. 28 U.S.C. § 1961(a); *see* ECF No. 349.  The Court's Final Judgment was entered on November 1, 2023. (ECF No. 349.)  The weekly average

---

[5] The "the correct dividing line for calculating pre- and postjudgment interest" is a subject not unique to patent law, so the law of the regional circuit court, here the Fifth Circuit, controls. *Transmatric, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347–48 (Fed. Cir. 1999).

5

1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week of October 23, 2023, the week preceding the date of the judgment, was 5.41%.  (*See* Ex. A, Decl. of Roy Weinstein ¶ 6; *see also* Ex. 1 to Decl. of Roy Weinstein.)  Based upon the weekly average 1-year constant maturity Treasury yield interest rate of 5.41%, post-judgment interest will continue to accrue at $38,816 per day starting on November 2, 2023.  (Ex. A, Decl. of Roy Weinstein ¶ 6.)  That interest accrues until payment by Cloudera, which is not yet known.  Therefore, at this time StreamScale requests only an Order confirming its entitlement to post-judgment interest on the entire judgment amount, which includes all damages and prejudgment interest.

**IV.   CONCLUSION**

For the foregoing reasons, this Court should award StreamScale prejudgment interest and post-judgment interest on the entire judgment amount.

Dated: November 15, 2023                    Respectfully submitted,

/s/ *Jamie H. McDole*
Jamie H. McDole
  State Bar No. 24082049
Phillip B. Philbin
  State Bar No. 15909020
Michael D. Karson
  State Bar No. 24090198
David W. Higer
  State Bar No. 24127850
Matthew K. Joeckel
  State Bar No. 24110052
Grant Tucker
  State Bar No. 24121422
WINSTEAD PC
2728 N. Harwood Street, Suite 500
Dallas, Texas 75201
Tel.: 214.745.5400
Fax: 214.745.5390
Email: jmcdole@winstead.com
       pphilbin@winstead.com
       mkarson@winstead.com
       dhiger@winstead.com
       mjoeckel@winstead.com
       gtucker@winstead.com

Jason G. Sheasby (*pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel.: 310.277.1010
Fax: 310.203.7199
Email: jsheasby@irell.com

Lisa Glasser (*pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Tel.: 949.760.0991
Fax: 949.760.5200
Email: lglasser@irell.com

Stephen M. Payne (*pro hac vice*)
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Tel.: 949.760.0991
Fax: 949.760.5200
Email: spayne@irell.com

Max Ciccarelli
   State Bar No. 00787242
CICCARELLI LAW FIRM LLC
100 N. 6th Street, Suite 502
Waco, Texas 76701
Tel.: 214.444.8869
Email: Max@CiccarelliLawFirm.com

*Attorneys for Plaintiff StreamScale, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 15, 2023, I electronically submitted the foregoing document with the clerk of the United States District Court for the Western District of Texas, using the electronic case management CM/ECF system of the Court which will send notification of such filing to the following:

Brock S. Weber
brock.weber@pillsburylaw.com
Christopher Kao
christopher.kao@pillsburylaw.com
John J. Steger
john.steger@pillsburylaw.com
Surui Qu
surui.qu@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111

Steven P. Tepera
steven.tepera@pillsburylaw.com
Benjamin L. Bernell
ben.bernell@pillsburylaw.com
Christopher L. Drymalla
chris.drymalla@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
401 Congress Avenue, Suite 1700
Austin, TX 78701

Audrey Lo
audrey.lo@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street
Palo Alto, CA 94304

Jeffrey E. Faucette
jeff@skaggsfaucette.com
Skaggs Faucette LLP
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111

Darryl J. Adams
dadams@sgbfirm.com
Slayden Grubert Beard PLLC
401 Congress Avenue, Suite 1650
Austin, TX 78701

*Counsel for Defendant Cloudera, Inc.*

        */s/ Jamie H. McDole*
        Jamie H. McDole